IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RENE SILVEIRA, | 1:12-cv-00638-LJO-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO RESPOND TO THE COURT'S ORDER |
| vs. | |
| SIX UNKNOWN NAMES AGENTS, et al., | (Doc. 2) |
| Defendants. | |

I.  **Factual and Procedural Background**

On April 23, 2012, Plaintiff filed a civil rights complaint. Doc. 1. On April 25, 2012, the Court ordered Plaintiff to submit an application to proceed in forma pauperis or pay the filing fee within forty-five days of service of the order. Doc. 2. The Court warned Plaintiff that "[f]ailure to comply with this order will result in dismissal of this action." Doc. 2. The forty-five day period has expired, and Plaintiff has not responded to the Court's order.

II.  **Failure to Comply With Court Order and Failure to Prosecute**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

'The public's interest in expeditious resolution of litigation always favors dismissal.' *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff is obligated to comply with the Local Rules and was informed via court order regarding the need respond to the order filed on April 25, 2012. Doc. 2. The Court's effort was met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases to obey the orders of the court and litigate the case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish* at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to comply with the Local Rules and the Court's order that is causing delay. Therefore, the third factor weight in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little

1 available to the Court which would constitute a satisfactory lesser sanction while protecting the
2 Court from further unnecessary expenditure of its scare resources.  Finally, because public policy
3 favors disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643.  However,
4 "this factor lends little support to a party whose responsibility it is to move a case toward disposition
5 on the merits but whose conduct impedes progress in that direction," *In re Phenylpropanolamine*
6 *(PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and
7 citations omitted), as is the case here.
8 　　　In summary, Plaintiff has failed to respond to the Court's order filed on April 25, 2012,
9 despite being notified of the requirement for Plaintiff to respond.  Doc. 2.

**III.　Conclusion and Recommendation:**

Based on the foregoing, the Court HEREBY ORDERS that Plaintiff's action filed April 23, 2012, 2011, be DISMISSED WITHOUT PREJUDICE for failure to comply with a court order. Doc. 1.

IT IS SO ORDERED.

**Dated:　June 26, 2012**　　　　　　　　　　/s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE